United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-31095
Summary Calendar

BERNADETTE BROWN,

Plaintiff-Appellant,

VERSUS

S.B.C. TELECOM INC., ET.AL.,

Defendants,

BELLSOUTH MOBILITY; CINGULAR WIRELESS

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana, Lake Charles Division

(01-CV-2661)

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Bernadette Brown appeals from the district court's grant of summary judgment to defendant Cingular Wireless in Brown's suit alleging disparate treatment on the basis of race and a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-(2)(a), 42 U.S.C. § 1981, and Louisiana anti-discrimination law. La. Rev. Stat. Ann. § 23:323 (West 1998).

We review the district court's grant of summary judgment de novo, employing the same criteria used in that court. Rogers v. International Marine Terminals, 87 F.3d 755, 758 (5th Cir. 1996). Summary judgment should be granted where the record indicates no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Id. In considering the motion we must view the evidence in the light most favorable to the non-moving party. Matsushita Elec. Indus Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). But "the nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

To make out a prima facie case for disparate impact, a Title VII plaintiff must establish: (1) membership in a protected class; (2) qualification for the position in question; (3) an adverse employment decision; and (4) that he/she was replaced by someone outside the protected class. Shackelford v. Deloitte & Touche LLP, 190 F.3d 398, 404 (5th Cir. 1999). Because Brown has failed to create a genuine issue of material fact as to the existence of an adverse employment decision, the district court's grant of summary judgment for Cingular on Brown's disparate impact claim was

correct.  Id. at 406-07; see also Williams v. Bristol-Meyers Squibb, 85 F.3d 270, 274 (7th Cir. 1996) (explaining that unless Title VII excluded peripheral slights "every trivial personnel action that an irritated employee did not like would form the basis of a discrimination suit" ).

To bring a Title VII action based on a hostile environment, plaintiff must prove : (1) membership in a protected class; (2) unwelcome harassment; (3) based on race; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to remedy it.  Celestine v. Petreleos de Venezuela S.A., 266 F.3d 343, 353 (5th Cir. 2001).  For harassment to affect employment under prong 4, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment."  Harris v. Forklift Systems, 510 U.S. 17, 21 (1993). The two stray comments that Brown cites are insufficiently "severe" to form the basis of a hostile environment suit.[1]

The judgment of the district court is AFFIRMED.

---

[1]As Louisiana uses federal jurisprudence to interpret its anti-discrimination laws, King v. Phelps Dunbar LLP, 743 So.2d 181, 187 (La. 1999), the above analysis also disposes of Brown's state law claims.